UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 2:17-cv-20632

HONORABLE STEPHEN J. MURPHY, III

v.

D-1 NOEL EISLEY,
D-3 BRET W. MASSEY, and
D-5 WILLIAM T. PHILLIPS,

      Defendants.

                                    /

## **OMNIBUS ORDER**

On July 18, 2018, the Court sentenced Defendants Noel Eisley, Bret W. Massey, and William T. Phillips, and entered judgment against them. ECF 157 (under seal), 158, 150, 152, 153. Since then, Massey, Phillips, and Eisley have filed several motions seeking various forms of post-judgment relief. The Court will address each motion in turn below—except Defendants' § 2255 and related motions, which will be addressed in separate orders. The Court admonishes Defendants that repeated and duplicative filings, like several of the motions addressed below, are contrary to rule, proper practice, judicial economy, and extend the amount of time it takes the Court to resolve pending matters.

I.    <u>Defendants' Requests for Correction of Judgment</u>

On June 24, 2019, Massey filed a request to correct his judgment. ECF 166. He sought to remove his $5,000 assessment under the Justice for Victims of Trafficking Act of 2015 ("JVTA") and the drug testing requirement from his sentence. *Id.* But a

1

party must file a motion for reconsideration within fourteen days after the relevant order or judgment is entered. *See* E.D. Mich. LCrR 1.1; E.D. Mich. LR 7.1(h)(1). Similarly, "the [C]ourt may correct a sentence that resulted from arithmetical, technical or other clear error" *if* the correction is made "[w]ithin 14 days after sentencing." Fed. R. Crim. P. 35(a). Here, both Massey's $5,000 JVTA assessment and his drug testing requirement were articulated by the Court during his sentencing hearing and included in his written judgment. ECF 152, 157 (under seal). Massey's request to remove the requirements was not filed until nearly a year later. *See* ECF 166. The Court will therefore deny the request as untimely. Moreover, neither challenged requirement appears to be in error. Massey retained his attorney in the case and the Court did not subsequently find him indigent. And the Court explicitly stated at sentencing that "[m]andatory drug testing will be ordered on supervised release in light of the history with alcohol noted in the report." ECF 157, PgID 2360 (under seal).

On July 26, 2019, Phillips and Eisley joined Massey's request. ECF 170, 173. As to Phillips, the Court has previously explained that he is not entitled to file pro se motions when he is represented by counsel for post-judgment proceedings. *See* ECF 175, 189. The Court will therefore strike Phillips's notice of joinder in Massey's request. As to Eisley, the Court will acknowledge his joinder in Massey's motion but will deny the motion as to Eisley for the same reason it denied it as to Massey—the motion was untimely.

II. <u>Defendants' Requests for Restitution Accounting</u>

On July 26, 2019, Phillips filed a request for restitution accounting. ECF 169. Because Phillips is represented by counsel for post-judgment proceedings and filed the request pro se, the Court will strike the request.

The same day, Eisley also filed a request for restitution accounting. ECF 172. Eisley requested an accounting of the amount of restitution paid to each victim in the present case by any defendant in any case, and to include who was ordered to pay each restitution amount. *Id.* at 2739. Eisley later filed another similar motion for victim identification and restitution accounting. ECF 187. But Eisley provided no legal basis for his requests. And he stipulated to the restitution amounts as to each victim prior to his sentencing and the Court's entry of judgment. ECF 105, PgID 666–72. The Court sees no basis on which he can now question his agreed-to restitution payments, or on which he is entitled to know how much each victim will be paid by other defendants. The Court will therefore deny the requests.

III. <u>Notices of Joinder in and Requests to Locate Missing Motion</u>

On July 31, 2019, Massey and Eisley filed notices of joinder in an alleged motion by Phillips. ECF 176, 177. But the alleged motion that Massey and Eisley sought to join does not appear on the docket. Massey and Eisley each later filed requests to locate the missing motion and Massey included the alleged first and last page of the filing that was marked "Filed" on August 5, 2019—several days after Massey and Eisley's initial notices of joinder in the motion. ECF 223, 224. It is unclear why the motion does not appear on the docket. But it is clear from the first and last

pages that Massey included in his request that the motion was yet another impermissible pro se motion from Phillips. ECF 223, PgID 3242. The motion therefore would have been stricken even if it was properly filed and docketed. Massey and Eisley's notices of joinder in and requests to locate the motion will therefore be denied.

IV. <u>Requests for Victim Identification, Restitution Accounting, and Correction</u>

On July 31, 2019, Eisley and Massey each filed a request for victim identification, restitution accounting, and correction. ECF 178, 179. The motions made clear that they sought this information to challenge their restitution orders. *See* ECF 178, 179. But Eisley and Massey are not entitled to challenge their restitution orders. Both Eisley and Massey signed stipulations that laid out the exact amounts of their restitution. *See* ECF 105 (Eisley's stipulation), ECF 136 (Massey's stipulation). And when "it is clear from the record that the defendant voluntarily agreed to the amount of restitution, the defendant cannot challenge the restitution provision set out in the plea agreement." *United States v. Osaghae*, 996 F.2d 1218, at *1 (6th Cir. 1993) (Table). The Court will therefore deny the requests.

V. <u>Eisley's Request for Help with Habeas Petition</u>

On August 2, 2019, Eisley filed a request for help with his § 2255 habeas petition. ECF 180. But Eisley did not explain the legal basis for his assumption that he is entitled to help with filing his § 2255 motion. And "there is no right to counsel" in § 2255 proceedings. *Zack v. United States*, 9 F. App'x 394, 400 (6th Cir. 2001) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Eisley is therefore not entitled to help with completing his § 2255 motion. But the Court may, in its

discretion, appoint counsel to help Eisley with his § 2255 motion. *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (citation omitted). The factors that the Court considers when deciding whether to grant a request for counsel to help with a § 2255 motion "include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Id.* (citations omitted). Here, Eisley's motion was filed on the day of his § 2255 deadline, as explained below with respect to Massey's request for an extension of time. It would therefore have been impossible for the Court to appoint an attorney to assist Eisley with the motion and then for him to file a motion before the deadline. Further, Eisley is a particularly sophisticated and well-educated criminal defendant, as demonstrated by his eloquence in expressing the grounds for his § 2255 motion in his request. *See* ECF 180. The Court will therefore deny Eisley's request for help with his § 2255 motion.

Eisley's request for help did, however, lay out all the grounds on which he wishes to challenge his confinement. *See id.* The Court will therefore construe his request as a § 2255 motion and will order the Clerk of the Court to re-docket the request as a § 2255 motion and to open a corresponding civil case for the habeas petition.

VI. <u>Massey's Request for Stay or Extension and § 2255 Motion</u>

On August 6, 2019, Massey filed his request for a stay or alternatively an extension of time to file his brief in support of his § 2255 motion—mailed to the Court on July 31, 2019—and his § 2255 motion—executed on July 30, 2019. ECF 182, 183.

A prisoner has one year from "the date on which the judgment of conviction becomes final" to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). A judgment becomes final when the time for appeal expires, which for a criminal case is 14 days after judgment is entered. Fed. R. App. P. 4(b)(1)(A). Judgment was entered against Massey on July 19, 2018. ECF 152. Judgment therefore became final on August 2, 2018, and Massey's § 2255 motion was due on August 2, 2019. To timely file his motion, Massey was required only to deliver the motion "to the proper prison authorities for forwarding to the [Court] within the time allotted[.]" *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 270–72 (1988)). Because both Massey's request for an extension and his § 2255 motion were signed on July 30, 2019, and at least the request for extension, and presumably both documents, were mailed on July 31, 2019, both were filed within the applicable time for Massey to file a § 2255 motion. *See* ECF 182, PgID 2817–18; ECF 183, PgID 2839.

Because the Court is, in this order, resolving the separate motions that Massey believed would affect the scope of his brief in support of his § 2255 motion, *see* ECF 182, the Court will grant his request for an extension of time to file his brief in support of his § 2255 motion and will give him until May 22, 2020, to file the brief. The Court will reset the briefing schedule after Massey files his brief in support of his § 2255 motion. The Court will also deny as moot Massey's later request for a stay or extension of time, ECF 203, his request for a stay in the briefing schedule, ECF 216, and his request for status regarding his requests, ECF 222. As noted at the beginning of this order, the Court cautions Massey that repeated and duplicative filings do not

expedite the Court's process but rather slow it down by creating additional pending motions that must be addressed. The Court has robust and unyielding criminal and civil dockets and it will address each pending motion in due course.

VII. <u>Defendants' Requests to Receive All Filings Directly</u>

On December 9, 2019, and December 11, 2019, respectively, Eisley and Massey filed requests to receive all filings directly and through the prison mail system. ECF 211, 215. Eisley and Massey expressed concern that they are not properly listed as pro se and therefore may not be directly sent relevant filings in the case. *See* ECF 211, 215. But they are properly noted as pro se for post-judgment proceedings in the Court's system and are therefore automatically sent any filings in the case through the prison mail system. The Court will therefore deny the motions as moot.

VIII. <u>Eisley's Request for an Extension of Time to Reply and Request to Rule</u>

On December 9, 2019, Eisley filed a request for an extension of time to reply. ECF 212. He requested a "generous extension of time to respond to any filings recently made by the government and anything they might file in the next month or so" because of problems he is having with prison mail and disruptions in his access to the prison library, copy machine, and mail room. *Id.* at 3135. The Court will not grant extensions of unspecified lengths to respond to unspecified filings. If Eisley encounters a specific filing he needs to respond to and the disruptions render him unable to respond in a timely manner, he may request an extension with respect to that specific filing for an amount of time reasonably based on the specific disruptions

7

he has experienced in attempting to timely file his response. His vague request for continual extensions will be denied.

On December 27, 2019, Eisley also filed a request for the Court to rule on his request for help with his § 2255 motion before moving forward with the case. ECF 220. Because the Court is resolving his request for help with his § 2255 motion in this order, it will deny his request for the Court to rule on that motion as moot.

IX. <u>Massey's Request for Clarification</u>

On January 6, 2020, Massey filed a request for clarification about the nature of the Government's filing labeled ECF 198. ECF 221. His confusion was caused by the labeling of the Government's filing. The filing is a standalone filing and he is not missing an attached motion. It should have been labeled as a response to a variety of motions filed by Massey and his co-defendants. His request will therefore be denied as moot.

X. <u>Massey's Request for Identification of Final Offense Level</u>

On January 15, 2020, Massey filed a request for identification of his final offense level and for concession of constitutional ineffectiveness of defense counsel during sentencing. ECF 225 (under seal). Massey appears to contest his sentencing guideline range and how the Court arrived at his sentence. He also seeks a concession that his counsel was constitutionally ineffective at sentencing. But both issues may be properly brought in a § 2255 motion. Because the Court, in this order, is granting Massey's request for an extension of time to file his brief in support of his § 2255

motion, he may raise the issues in that brief. His separate motion is improper and will therefore be denied.

After the Government responded to his motion, Massey also filed a motion for an extension of time to reply to the Government's response. ECF 231. Because the initial motion was improper, however, the Court will also deny the motion for an extension of time to reply.

XI. <u>Massey's Request for Details of Alleged Private Meeting</u>

On January 17, 2020, Massey filed a request seeking various details of an alleged private meeting with a victim. ECF 227. Massey stated that the transcript of his sentencing in a separate criminal case shows that the Government referenced an in-camera statement that the Court heard from a victim's father. *Id.* at 3255. But it is unclear why a statement made during Massey's sentencing in a separate case that presumably refers to a victim in that other case is relevant to the instant proceeding. And Massey did not provide any explanation for why he is legally entitled to the information he sought. The request will therefore be denied.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Bret W. Massey's request for correction of judgment [166] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant William T. Phillips's notice of joinder in Massey's request for correction of judgment [170] is **STRICKEN**.

**IT IS FURTHER ORDERED** that Defendant Noel Eisley's notice of joinder in Massey's request for correction of judgment [173] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Phillips's request for restitution accounting [169] is **STRICKEN**.

**IT IS FURTHER ORDERED** that Defendant Eisley's requests for restitution accounting [172, 187] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Massey and Eisley's notices of joinder in an alleged motion by Defendant Phillips and requests to locate the motion [176,177, 223, 224] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants Eisley and Massey's requests for victim identification, restitution accounting, and correction [178, 179] are **DENIED**.

**IT IS FURTHER ORDERED** that the Court will **CONSTRUE** Defendant Eisley's request for help with his § 2255 motion [180] as a § 2255 motion. The Clerk of the Court shall **RE-DOCKET** the request [180] as a § 2255 motion and shall **OPEN** a corresponding civil case number for the habeas petition.

**IT IS FURTHER ORDERED** that the Government shall **RESPOND** to Eisley's § 2255 motion [180] no later than **May 22, 2020**.

**IT IS FURTHER ORDERED** that Massey's request for a stay or alternatively an extension of time to file his brief in support of his § 2255 motion [182] is **GRANTED**.

**IT IS FURTHER ORDERED** that Massey shall **FILE** his brief in support of his § 2255 motion no later than **May 22, 2020**.

**IT IS FURTHER ORDERED** that Massey's third request for a stay or extension of time [203], request for a stay in the briefing schedule [216], and request for status [222] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Eisley and Massey's request to receive all filings directly and through the prison mail system [211, 215] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Eisley's request for an extension of time to reply [212] is **DENIED**.

**IT IS FURTHER ORDERED** that Eisley's request for the Court to rule on his request for help with his § 2255 motion [220] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Massey's request for identification of final offense level [225 (under seal)] and his motion for extension of time to file a reply [231] are **DENIED**.

**IT IS FURTHER ORDERED** that Massey's request for details of alleged private meeting [227] is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 30, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 30, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager