UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:17-cr-20632-01
Civil Case No. 2:19-cv-13816

v.

HONORABLE STEPHEN J. MURPHY, III

NOEL EISLEY,

    Defendant.

                                    /

## ORDER DENYING DEFENDANT'S § 2255 MOTION [180]

On August 2, 2019, Defendant Noel Eisley filed a "[r]equest for help with [his] 2255 appeal." ECF 180. The Court later construed the motion as a motion to vacate his sentence under 28 U.S.C. § 2255. *See* ECF 236, PgID 3298–99. The Government then responded to the motion. ECF 238. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will deny the motion and close the corresponding civil case.

### BACKGROUND

On December 21, 2017, Defendant pleaded guilty to engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). ECF 65, PgID 451. As the factual basis for his plea, Defendant acknowledged that from 2014 to 2017, he acted as a member of a group that used the internet to coerce underaged girls to produce child pornography. *Id.* at 451–52. Defendant admitted that he served as a "talker" for the group—convincing minor females to engage in sexually explicit acts that he then recorded. *Id.* at 454–55. Defendant's plea agreement further stated that

1

there were "no sentencing guideline disputes" and that his guideline range was "life imprisonment" with a mandatory minimum sentence of 20 years' imprisonment. *Id.* at 458. Defendant also agreed to pay a special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act and to pay restitution of $5,000 to each identified victim, including each victim associated with his membership in the group. *Id.* at 462. Elsewhere in the plea agreement, the parties acknowledged that the Government agreed not to charge Defendant in a separate, eight count criminal case in exchange for his guilty plea in the present case. *Id.* at 461. Finally, Defendant agreed to "waive[] any right he may have to appeal his conviction or sentence." *Id.* at 466. On July 17, 2018, Defendant was sentenced to a below-guideline-range sentence of 420 months' imprisonment. ECF 150.

## LEGAL STANDARD

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. The statute provides four different grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the [C]ourt was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding

2

invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

## DISCUSSION

Defendant raised eight grounds in his § 2255 motion: (1) ineffective assistance of counsel for failure to file an appeal; (2) prosecutorial misconduct for threatening to charge him in a case in which he could not have lawfully been charged under the Double Jeopardy Clause; (3) ineffective assistance of counsel for failure to properly advise Defendant about the Government's unlawful threat; (4) ineffective assistance of counsel for failing to challenge the amount of restitution imposed; (5) imposition of improper sentencing enhancements; (6) his sentence and conditions of supervised release are unjust compared to other defendants in the case; (7) ineffective assistance of counsel for failing to prevent all of the above alleged sentencing errors; and (8) ineffective assistance of counsel for failing to adequately advise Defendant regarding his plea. ECF 180. The Court will address each argument in turn, beginning with his non-ineffective assistance claims.

I. <u>Prosecutorial Misconduct</u>

Defendant argued that the Government acted unlawfully by threatening to charge him in a separate case if he did not plead guilty when it lacked the authority to lawfully charge him in the separate case. *Id.* at 2807. With the notable exception of ineffective assistance of counsel claims, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citations omitted). To show cause

and prejudice, Defendant must show "that he possessed good cause for" failing to raise the claim on direct appeal "and would suffer actual prejudice if his averments [were] deemed precluded." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citations omitted). Alternatively, Defendant could show "that he is actually innocent of the subject offense." *Id.* (citations omitted).

Defendant alleged that the Government could not have lawfully charged him in the *Berenson* case, 5:17-cr-20521, because doing so would violate his rights under the Double Jeopardy Clause. ECF 180, PgID 2807–08. But the *Berenson* case charged a separate conspiracy that operated during a different time span than the conspiracy charged in the present case. *Compare* 5:17-cr-20521, ECF 1, PgID 3 (alleging that the charged conduct occurred "[b]etween the dates of January 1, 2012 and November 1, 2014") *with* 2:17-cr-20632, ECF 14, PgID 216 (alleging that the charged conduct occurred "[b]etween the dates of December 2, 2014 and August of 2017"). The Double Jeopardy Clause was therefore not implicated, and the Government's threat was not unlawful. *See* U.S. CONST., amend. V (ensuring that no person shall "be subject for the *same offense* to be twice put in jeopardy of life or limb") (emphasis added); *Bordenkircher v. Hayes*, 434 U.S. 357 (1978) ("While confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable—and permissible—attribute of any legitimate system which tolerates and encourages the negotiation of pleas") (internal quotations and citation omitted) (alteration in original). Because the Double Jeopardy Clause was not implicated,

4

Defendant cannot show an error, much less cause and prejudice. And Defendant did not argue that he is innocent of the crimes to which he pleaded guilty. The Court will therefore deny this ground of Defendant's motion.

II.     <u>Improper Sentencing Enhancements</u>

Defendant also argued that the Court imposed multiple improper sentencing enhancements and failed to give him a reduction to which he believed he was entitled. ECF 180, PgID 2808–09. But in his plea agreement, Defendant agreed to each enhancement. *See* ECF 65, PgID 458, 471. And he failed to directly appeal any issues related to his sentence and the corresponding enhancements or reductions. *See Massaro*, 538 U.S. at 504 (citations omitted).

"Courts have routinely held that appeal waivers are insufficient to demonstrate cause and overcome procedural default." *United States v. Jackson*, Nos. 17-20724, 19-11024, 2020 WL 1975188, at *2 (E.D. Mich. Apr. 24, 2020). And Defendant provides no other justification to excuse his procedural default, aside from his ineffective assistance of counsel claim, which will be addressed below. Defendant's sentencing enhancement claim therefore fails.

III.    <u>Unjust Sentence and Supervised Release Conditions</u>

Defendant argued that his sentence and supervised release conditions were unjust compared to his co-defendants. ECF 180, PgID 2809–10. But, as with his improper sentencing enhancements claim, he failed to directly appeal the claim and provided no justification to excuse his procedural default, aside from his ineffective assistance of counsel claim, which will be addressed below.

5

IV.     Ineffective Assistance of Counsel Claims

Defendant raised several ineffective assistance of counsel claims, each of which will be addressed in turn below. To succeed on any of his ineffective assistance of counsel claims, Defendant must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

   A.   *Failure to File an Appeal*

First, Defendant argued that his counsel was ineffective for failing to file an appeal on his behalf. ECF 180, PgID 2806–07. But an attorney's failure to file an appeal does not constitute deficient performance under *Strickland* when her client does not instruct her to do so, her client pleaded guilty and signed an appeal waiver as part of his plea agreement, and her client received a below-guideline sentence. *See* ECF 238-2, PgID 3334 (opinion in *Goode v. United States*, No. 19-1218 (6th Cir. Oct. 18, 2019)) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). Here, Defendant admitted that he did not ask his counsel to file an appeal on his behalf before the time to appeal expired. ECF 180, PgID 2806–07. He also signed an appeal waiver with his guilty plea. ECF 65, PgID 466. And he was sentenced to a below-guideline-range sentence. ECF 150. Defendant therefore failed to satisfy the first prong of *Strickland*, and the Court will deny his ineffective assistance of counsel claim based on his attorney's failure to file an appeal.

### B. *Failure to Advise About the Government's Allegedly Unlawful Threat*

Second, Defendant argued that his counsel was ineffective for failing to properly advise him about the Government's allegedly unlawful threat to charge him in the *Berenson* case. ECF 180, PgID 2807–08. But, as explained above, Defendant is mistaken about the *Berenson* case, and the Government could have lawfully charged him in the case. Because the Double Jeopardy Clause was not implicated by the charge bargaining, Defendant's attorney did not err by failing to address the Double Jeopardy Clause implications that Defendant believed were at issue. The Court will therefore deny this ground of Defendant's ineffective assistance claim.

### C. *Failure to Challenge Restitution Amounts*

Third, Defendant argued that his attorney was ineffective because she failed to challenge the number of people to whom Defendant was ordered to pay restitution. ECF 180, PgID 2808. Defendant protested that he did not individually harm each person to whom he was ordered to pay restitution. *See id.* But the Mandatory Victim Restitution Act, 18 U.S.C. § 3664(h), "specifically empowers district courts to make individual defendants liable for all of the losses caused by multi-defendant crimes, and [the Sixth Circuit] ha[s] consistently affirmed such decisions in the conspiracy context." *United States v. Sawyer*, 825 F.3d 287, 295 (6th Cir. 2016) (collecting cases). Defendant was therefore rightly required to pay restitutions to victims he may not have personally known or harmed but that were harmed within the context of the broader conspiracy. Any failure by his attorney to challenge the payment of restitution to victims beyond those he personally harmed was not deficient

7

performance because such a challenge would have been frivolous. The Court will therefore deny this ground of Defendant's ineffective assistance claim.

D.  *Alleged Sentencing Errors*

Fourth, Defendant stated that "all of the mistakes [he] mentioned" were his lawyer's "fault too because she did not try to fight them or appeal them and a lawyer should make sure that the case is fair and the facts are correct and the law is followed, but she did not do that." ECF 180, PgID 2810. The Court will construe this as an ineffective assistance of counsel claim as to the errors about which Defendant did not already state individual ineffective assistance claims—namely, the allegedly improper sentencing enhancements and the allegedly unjust sentence and conditions of supervised release that the Court imposed.

As to the sentencing enhancements, Defendant explicitly agreed to the applicability of the enhancements in his plea agreement. *See* ECF 65, PgID 458, 471. Nonetheless, Defendant argued that his attorney should have challenged his four-point enhancement for a victim under the age of twelve, his two-point enhancement for a vulnerable victim, his two-point enhancement for using a computer, and his five-point enhancement for being a repeat offender. ECF 180, PgID 2808. He also argued that his attorney should have sought a two-point reduction for the minor role he played in the *Berenson* case. *Id.* at 2809. But Defendant's attorney did object to his five-point enhancement for being a repeat offender. *See* ECF 158, PgID 2547–49 (sentencing transcript). And she initially objected to the two-point enhancement for

a vulnerable victim but withdrew her objection once she became "better informed about the factual basis for" the enhancement. *Id.* at 2547.

Defendant's attorney properly withdrew her objection to the vulnerable victim enhancement and properly declined to object to the under twelve enhancement and the use of a computer enhancement. As to the computer enhancement, Defendant admitted that he used a computer to commit his crimes. ECF 180, PgID 2808. And as to the vulnerable victim and under twelve enhancements, there was ample evidence presented that the conspiracy as a whole targeted vulnerable victims and victims under twelve years of age. *See, e.g.*, ECF 125-2, PgID 1344, 1426 (under seal) (victim impact statements); ECF 198, PgID 2945 (the Government's brief, quoting discussion from the conspiracy's group chat about victims under twelve years of age). Because Defendant's attorney did raise one objection and because other objections would have been meritless, Defendant's attorney did not perform deficiently when contesting his sentencing enhancements. Further, Defendant provided no facts or evidence to support his claim that he played only a "minor role" in the *Berenson* case. The Court will therefore deny this ground of Defendant's ineffective assistance claim.

As to the allegedly unjust sentence, Defendant appeared to base his argument solely on what sentences some other defendants received in separate cases. *See* ECF 180, PgID 2809. And as to the allegedly unjust supervised release conditions, Defendant seemed to simply disagree with his conditions. *Id.* at 2809–10. He also argued that the length of his supervised release was unfair because some—but not all—of his co-defendants got shorter terms of supervised release. *Id.* at 2810. But the

Court took into account all of the factors of Defendant's specific case, including his conduct as part of a second child pornography ring—conduct Defendant agreed to be held responsible for at sentencing in exchange for not being formally charged in the second criminal case. *See* ECF 65, PgID 460. And Defendant's attorney represented him thoroughly and vigorously throughout the sentencing process. She objected to certain sentencing enhancements, as explained above, she filed a detailed and thorough 30-page sentencing memorandum advocating for a 20-year sentence—Defendant's mandatory minimum sentence, ECF 108, she submitted two psychological evaluations and numerous support letters on Defendant's behalf, ECF 108-2, 108-4, 108-6, and she argued vigorously on his behalf at the sentencing hearing, ECF 199, PgID 2963–73 (sentencing transcript).

And her advocacy was effective. The Court sentenced Defendant to a below-guideline sentence of 420 months'—a sentence that gives Defendant, who was 38 years' old at the time of sentencing, ECF 108, PgID 693 (under seal), a realistic possibility of getting out of prison in this lifetime, which is something that would not be contemplated by his guideline range. The Court therefore cannot find that Defendant's counsel's performance during his sentencing fell "below an objective standard of reasonable representation." *Neace v. Edwards*, 129 F. App'x 985, 990 (6th Cir. 2005) (citing *Strickland*, 466 U.S. at 687). The Court will therefore deny this ground of Defendant's ineffective assistance claim.

### E. *Failure to Adequately Advise About Plea*

Finally, Defendant argued that his attorney was ineffective because she did not adequately advise him about his options when he was deciding whether to plead guilty or go to trial. ECF 180, PgID 2810–11. A defendant who argues that his attorney was ineffective for advising him to plead guilty "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, Defendant did not argue that there was a reasonable probability he would have insisted on going to trial but for his counsel's alleged deficient performance. Rather, he stated only that, with the hindsight benefit of the sentence he received, "it made sense to at least think about trial" because he construed his 420-month sentence as equivalent to life imprisonment. *See* ECF 180, PgID 2810–11.

First, as discussed above, Defendant's 420-month sentence that began when he was 38 years' old gives him a reasonable chance of being released from prison and is therefore not equivalent to a life sentence. Second, his statement that "it made sense to at least think about trial" is not sufficient to meet the standard that there was a reasonable probability he would have insisted on going to trial. That conclusion is particularly true since Defendant was under the incorrect impression when he wrote his motion that the Government could not have lawfully charged him in the eight-count *Berenson* case if he had insisted on going to trial. The Court will therefore deny the final ground of Defendant's ineffective assistance claim.

11

## CONCLUSION

Because the Court denied each of the grounds Defendant raised in his § 2255 motion, the Court will deny the motion and close the corresponding civil case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's § 2255 motion [180] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** the corresponding civil case, 2:19-cv-13816.

**SO ORDERED**.

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: June 25, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 25, 2020, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager